## Asa Green v. Sarah M. Green.

*Divorce : Adultery : Practice.* In cases where divorce is sought on the ground of adultery, a strict adherence to settled practice and to all the forms prescribed for the attainment of justice, should be most inflexibly required.

*Bill for divorce : Adultery : Place : Evidence.* Under a bill for divorce, charging adultery to have been committed at two different places named, testimony tending to prove the offense to have been committed at a third place, is wholly irrelevant and unwarranted.

*Divorce : Evidence : Bill : Amendments.* Where such testimony has been taken against objection, it is neither admissible practice under the usages of courts, nor consistent with reason or justice, to permit the bill to be amended so as to make a case to meet the evidence thus previously taken without authority of law; and a decree founded on such amended bill and proofs, will not be sustained.

*Bill for divorce : Amendments : Verification.* Amendments to a bill for divorce are required to be verified in the same manner that is prescribed for the verification of the original bill.—*Briggs v. Briggs, 20 Mich., 34.*

*Heard January 15 and 16. Decided January 17.*

Appeal in Chancery from Eaton Circuit.

*Foote & Vanzile,* for complainant.

*D. P. Sagendorph* and *Isaac M. Crane,* for defendant.

COOLEY, J.

This is a bill for divorce on the ground of adultery. As originally filed and sworn to, the bill charged the defendant with adultery committed at Jackson, in Jackson county, and at Lansing, in Ingham county, in March, 1868, with a person named. The defendant denied the charge, and the case went before a commissioner for proofs. Instead, however, of taking any testimony in support of his allegations, the complainant put witnesses upon the stand, who gave evidence tending to prove adultery committed by defendant, at Albion, in Calhoun county. This testimony was duly objected to, both before the commissioner, and when the cause was brought to a hearing on May 12th, 1870, and as it was obvious that the complainant could not be entitled to a decree upon it as the case stood, he asked for and obtained from the court the following order:

" This cause having been brought on to be heard upon pleadings and proofs, and the complainant at said hearing having asked leave of the court to amend the bill of complaint filed herein, so that the same may conform to the proofs already taken, it is, therefore, on motion of I. H. Corbin, Esq., solicitor for complainant, ordered by the court now here, that the complainant have leave to amend his bill of complaint filed herein, so that the same may contain allegations which will conform to the proofs of adultery committed at Albion, already taken herein. And that said cause, at the option of defendant herein, be again referred to the circuit court commissioner for said county, to take further proofs in regard to said allegations of adultery at Albion; and that said proofs be taken, closed and returned to this court in time to notice said cause for hearing at the next June term of this court. And it is further ordered, that the proofs already taken herein be

retained, and that the amendment to said bill of complaint, by this order allowed, shall be without prejudice to the writ of injunction already issued and served herein."

· The bill was amended under this order, on the fourth day of June following, but the amendments were not verified as the original bill was required to be, and as we held in *Briggs v. Briggs, 20 Mich., 34,* was necessary. Nothing further appears to have been done in the case until June, 1871, when, upon the proofs before referred to, a decree of divorce was granted.

No ground has been suggested to us upon which it can be plausibly urged that this decree should be sustained. The taking of the Albion testimony under the issue then made up, was wholly unwarranted and without excuse, and the defendant may well have been taken by surprise when it was offered. It was so wholly irrelevant to the ·issue, that it is extremely doubtful if perjury could be assigned upon it, if false. Defendant had been under no obligation to anticipate, or prepare to meet such proofs, and she had a right to suppose they would be rejected at the hearing. Had her counsel anticipated such a motion to amend as was afterwards made, he would have been justified in advising her that the practice of permitting a case to be made to meet evidence which had been previously taken without authority of law, would be one neither admissible under the usages of the court, nor consistent with reason or justice. If she had received such advice, and in reliance upon it had given herself no concern about these proofs, and gone to the hearing in full confidence that the case actually charged, and which no attempt had been made to prove, would be dismissed, she could be accused neither of negligence in looking after her rights, nor of over-confidence in relying upon the settled course and practice of the court for her protection. Any counselor of the court of chancery would have been likely to give her that advice. And he would have

advised her, also, that if such an amendment could be made, she would be entitled, of right, to the time allowed by the rules, to put in her proofs afterwards, and could not be restricted to a very much shorter time as was done here.

There is no class of cases in which an adherence to settled practice, and to all those forms prescribed for the attainment of justice, should be more inflexibly required, than that in which divorces are sought for alleged adultery. It is so easy to bring the charge, and in many cases to support it by evidence of circumstances perfectly innocent in themselves when fully explained, and yet capable of presenting a suspicious appearance, and parties so often resort to it with full knowledge of its unfounded nature, relying upon being able to present at least a plausible showing, which the accused party may be unable fully to disprove by evidence, that it is always better and safer for a court to err in the direction of over strictness, in requiring from counsel adherence to rules, than by permitting such a disregard of all rules as was exhibited in this case, to leave the defendant without the ordinary protections against a misuse of the process of the court for purposes of fraud and outrage.

We cannot doubt that the orders complained of in this case, were granted through misapprehension of the exact position of the case; but if a court, in its discretion, might grant them, abuses would be certain to result. Unless a party thus entrapped by a fictitious issue, can disprove the case irregularly and unfairly made against him under it, he would be cut off from his rights, and, in effect, deprived of a fair investigation. The only safe course is, to adhere strictly to the correct practice, which requires the evidence to be confined to an existing issue. There are, undoubtedly, cases in which formal defects may be suffered to be corrected without prejudice to proofs taken, and there are also cases in which more substantial amendments may be made with

a like saving, where the proofs have been taken without objection, under a misapprehension as to the real issue. This case falls within neither of those classes, and consequently, we need not discuss them.

The injunction referred to in the order permitting the amendment, was as anomalous as the other proceedings. It restrained the defendant from selling, or incumbering a lot of land owned by her, but which the complainant claimed to have bought and improved with his own money, though intentionally placing the title in her name. No single fact, or circumstance, was set out or suggested in the bill, which would entitle him to have any equity in the land enforced in his favor, nor did the bill pray any relief in respect to it, except what the injunction might give. The injunction, consequently, could have had no legitimate object, and the judge in signing the decree, must have overlooked the provision inserted to make the injunction previously granted by a commissioner, perpetual.

The decree must be reversed, with costs of both courts, and the bill dismissed, but without prejudice.

The other Justices concurred.